**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | **CHAPTER 7** |
| | ) | |
| **STEFAN FORSTER,** | ) | **CASE NO. 11-71909** |
|     Debtor. | ) | |
| **STEFAN FORSTER,** | ) | |
|     Plaintiff, | ) | Adversary Proc. No. 13-07030 |
| | ) | |
| v. | ) | |
| | ) | |
| **LISA FORSTER,** | ) | |
|     Defendant. | ) | |

## MEMORANDUM DECISION

The matter before the Court is the Defendant's Motion to Enlarge Time to File a Responsive Pleading (the Motion), to which the Plaintiff, by counsel, has voiced opposition. After due consideration of the facts and circumstances of this case, the Court, for the reasons noted below, concludes the Motion should be granted.

### FINDINGS OF FACT

The Debtor (Mr. Forster) initiated this Adversary Proceeding on May 31, 2013 by filing a Complaint and Objection to Claim. Mr. Forster alleges that, generally, the Defendant (Ms. Forster), his former wife, has failed to adhere to the terms of a settlement agreement (Settlement Agreement) reached between the parties. Mr. and Ms. Forster reached an agreement in a voluntary mediation intended to resolve outstanding bankruptcy litigation between Mr. and Ms. Forster in Mr. Forster's bankruptcy case.

Pursuant to the Settlement Agreement, Mr. Forster agreed to pay Ms. Forster and their minor son various disbursements of money in exchange for Ms. Forster vacating the property located at 104 Jay Ridge Road and releasing her judgment lien against Mr. Forster. Compl. & Obj. to Claim Ex. A, at 3–4. This Court memorialized the Settlement Agreement in an order dated August 1, 2012 (Settlement Order).

Mr. Forster alleges that, specifically, Ms. Forster has (1) failed to move out of Mr. Forster's house located at 104 Jay Ridge Road, Cloverdale, Virginia; (2) failed to take care of the property and allowed it to deteriorate, even preventing Mr. Forster's access to the property required to make "important and necessary repairs"; (3) failed to release Ms. Forster's judgment lien in Botetourt County, as required by the Settlement Order; and (4) filed a claim based on the judgment lien and asserted priority status, also in contravention of the Settlement Order.

Ms. Forster filed this Motion on September 9, 2013. Ms. Forster alleges that when she was served with the Summons she, initially, did not think that she needed representation. Ms. Forster alleges that she believed this to be the case because, at the time she received the Summons, she had already made arrangements to move out of the property at 104 Jay Ridge Road and, as of August 11, 2013, had moved. Ms. Forster further alleges that she believed that her claim against Mr. Forster set forth in the Settlement Order was non-dischargeable and thus expected to be paid only what is provided for in that Order, reducing her incentive to contest the Complaint and

2

Summons.

Ms. Forster alleges that it was only when her former counsel, Richard E.B. Foster, Esquire, learned that Mr. Forster intended to pursue a claim for damages against Ms. Forster and informed Ms. Forster of that fact, that Ms. Forster retained Mr. Foster to represent her. Thereafter, Ms. Forster requested that Mr. Forster voluntarily agree to an enlargement of time for Ms. Forster to file a responsive pleading. This request, allegedly, went unanswered, prompting Ms. Forster to file her Motion.

## CONCLUSIONS OF LAW

This Court has jurisdiction of this matter by virtue of the provisions of 28 U.S.C. § 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984 and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia. Determination of the Motion contains elements that constitute core proceedings pursuant to 28 U.S.C. § 157(b)(2)(B) and (K) in that the Adversary Proceeding relates, in part, to the validity of a lien against property of Mr. Forster and to an objection to a claim filed by the Defendant. This Motion also implicates 11 U.S.C. § 105(a) given that the Settlement Order is a court order and the Court's determination of these issues is, in effect, an "action or . . . determination necessary or appropriate to enforce or implement [a] court order[]." The Court further concludes that it has the constitutional authority to adjudicate the Motion.

At the hearing on October 21, 2013 counsel for Ms. Forster asserted, without objection, that the appropriate standard for a motion to enlarge time is the standard a court uses to determine whether it should vacate a default judgment under Fed. R. Civ. P. 55. Counsel for Mr. Forster contested only whether the standard had been met in this case.

The Fourth Circuit Court of Appeals has stated that a district court, when deciding whether to set aside an entry of default, "should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (citing *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 203 (4th Cir. 2006)). The Fourth Circuit has unequivocally stated: "[w]e have repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Id.* (internal citations omitted). Finally, the Fourth Circuit has also stated that with respect to Rule 55 motions — in this case a motion to enlarge time applying the same standard — the "motions must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.'" *Id.* at 421 (internal citations omitted).

In this case, Ms. Forster has presented what, arguably, may prove to be meritorious defenses to Mr. Forster's complaint in the Adversary Proceeding. Ms. Forster's Motion contained a proposed responsive pleading alleging several defenses to Mr. Forster's Complaint, including allegations that (1) Mr. Forster lacks standing, (2) Ms. Forster had no contractual obligation to repair the 104 Jay Ridge Road property, (3) Mr. Forster's claims are moot, (4) Mr. Forster lacks authority to recover attorney's fees, and (5) Mr. Forster committed a material breach of the Settlement Order. Def.'s Mot. to Enlarge Time to File a Resp. Pleading at 4–5. While at least some of these purported defenses appear to be of doubtful merit, the Court will not attempt to pick and choose among them at this stage of the proceeding.

Ms. Forster vacated the property at 104 Jay Ridge Road on or around August 11, 2013, removing one of Mr. Forster's primary grounds for alleging continuing harm to Mr. Forster caused by Ms. Forster. Additionally, counsel for Mr. Forster has never suggested that her client would be prejudiced by the enlargement of Ms. Forster's time to file a responsive pleading. For these two reasons, it does not appear that granting Ms. Forster's Motion would prejudice Mr. Forster. This dispute has arisen during the beginning stages of this proceeding so there is no basis for finding any "history of dilatory action" on Ms. Forster's part.  Furthermore, less drastic sanctions are available, such as the awarding of attorney's fees incurred in the resolution of the Motion, assuming that the Court would determine that any sanction at all would be appropriate under the circumstances presented

here.

To paraphrase *Colleton*, "[t]hus, fully four of the six factors identified in *Payne* as informing the exercise of discretion whether to [grant the Motion to Enlarge Time] weigh[] significantly in favor of [Ms. Forster ]." *Id*. at 418. Therefore, even though the delay was the personal responsibility of Ms. Forster, and she may not have acted with reasonable promptness, the *Payne* factors weigh in support of granting the Motion.

## CONCLUSION

For the reasons discussed above, the Court concludes that Ms. Forster's Motion should be granted. An order to such effect will be entered contemporaneously with this Decision.

DECIDED this 26th day of November, 2013.

_____
UNITED STATES BANKRUPTCY JUDGE